IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT T. TRAN,<br><br>    Defendant. | 4:15CV3036<br><br>**FILED UNDER SEAL** |

**TEMPORARY RESTRAINING ORDER**

On this 31st day of March 2015, at 4:45 p.m., upon consideration of Plaintiff United States of America's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction and Brief in Support, pursuant to 18 U.S.C. § 1345, the Complaint filed by Plaintiff United States of America, and the Declaration of Michael W. Maseth, the Court finds that the United States has demonstrated, by a preponderance of the evidence,[1] that:

   1.   The Defendant Scott T. Tran is violating and unless enjoined will continue to violate 18 U.S.C. § 1347 and has committed and unless enjoined would continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicaid program;

   2.   The Defendant is alienating or disposing of property, and intends to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value; and

   3.   The provision of advance notice to the Defendant will likely aggravate the damage that this Order seeks to prevent because advance notice will provide the

---

[1] Courts are split on the proper standard of proof required before a § 1345 injunction may issue, and the Eighth Circuit has not had occasion to resolve the issue. *See United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824, 836 & n.5 (8th Cir. 2010). Some courts require the government to make a probable cause showing that a predicate crime under § 1345 is being committed. Others require a preponderance standard. *See id.* This Court need not resolve the issue, as the injunction sought in this case is appropriate under either standard.

Defendant with the opportunity to transfer, expend, or conceal the remaining property.

Based on the foregoing, the Court hereby concludes as follows:

4. That the requested relief be considered and GRANTED without prior notice to the Defendant; and

5. Because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is therefore

**ORDERED, ADJUDGED, and DECREED** that the Defendant, his respective owners, agents, employees, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporations over which he exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From making, submitting, or conspiring: to make or submit any claims to the Medicaid program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1347; and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

2. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of the Defendant by any financial institution, trust fund, or other financial entity, public or private, that are proceeds or profits from the Defendant's Federal health care offenses or property of an equivalent value of such proceeds or profits, **including but not limited to** the following accounts:

| Bank Name | Account Holder | Account Number Ending In |
|---|---|---|
| Wells Fargo | Tran Pharmacy Inc. dba Pharmacy Specialty Services | X6762 |
| Wells Fargo | Tran Pharmacy Inc. Business market Rate Savings | X1779 |
| U.S. Bank NA | Scott T. Tran | X3307 |
| U.S. Bank NA | Scott T. Tran | X1743 |

3. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which the Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud, **including but not limited to** the following properties:

| Owner | Address | Assessed Value |
|---|---|---|
| Scott Tran | 1725 N. 169th Street Omaha, NE 68118 | $209,000 |

**IT IS FURTHER ORDERED** that the Defendant, his respective owners, agents, employees, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporations over which he exercises control, are ordered:

4. To preserve all business, financial, and accounting records, including bank records, that detail any of the Defendant's business operations and disposition of any payment that directly or indirectly arose from the payment of money to the Defendant on behalf of the Medicaid program;

5. To preserve all medical records, including patient records and prescriptions, that relate to the Defendant's business operations and/or to services for which claims were submitted to the Medicaid program;

**IT IS FURTHER ORDERED** that the Defendant, within one calendar week of receiving notice of this Order:

6. Provide to the United States the following:

    a. a list of all post office boxes or other locations at which mail addressed to the Defendant, Pharmacy Specialty Services, and/or Tran Pharmacy, Inc. is received by or on behalf of the Defendant;

    b. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in the Defendant's name or in the names of any of his owners, agents, employees, officers, persons acting in concert with him, or any business names under which he operates including but not limited to Pharmacy Specialty Services and Tran Pharmacy Inc., together with the number or other designation of each such account or box;

    c. a list of all financial institutions, including but not limited to, banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

    d. the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for the Defendant in the past three years;

7. Complete a Financial Disclosure Statement form provided by the United States and, on a monthly basis, provide an accounting of his assets in a suitable report detailing his financial condition.

**IT IS FURTHER ORDERED** that the United States shall promptly attempt to provide notice of this action and this Order to the Defendant. Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the 14th day of April, 2015, or at such later date as may be extended by the Court, or agreed upon by the parties.

The Court will conduct a preliminary injunction hearing, the date and time to be set by further order. The parties shall contact the Court to set a date and time for that hearing, as necessary.

**ORDERED** this 31st day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge