IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCOTT T. TRAN,<br><br>                    Defendant. | 4:15-CV-3036<br><br><br>ORDER |

    This matter is before the Court on the government's Motion For Extension of Temporary Restraining Order and for Permission To Open Bank Account Not Subject to Temporary Restraining Order. Filing 11. By its terms, the Court's previous Temporary Restraining Order ("the TRO") was set to expire at close of business on April 14, 2015. *See* filing 8. The government seeks an order extending the TRO to close of business on May 14, 2015, as this will allow the parties an opportunity to negotiate the terms of a preliminary injunction by consent.

    Injunctions under 18 U.S.C. § 1345 are subject to the Federal Rules of Civil Procedure. 18 U.S.C. § 1345(b). And under Fed. R. Civ. P. 65(b)(2), a temporary restraining order expires after 14 days "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." That Rule further provides that the reasons for an extension must be entered in the record. *Id.*

    At this time, defendant Scott T. Tran has not consented to the extension. The Court finds, however, that good cause exists to extend the TRO—this is a complex case with many moving parts, and if the parties can negotiate a preliminary injunction, it will save everyone significant time and expense. Pursuant to Fed. R. Civ. P. 65(b)(2), however, the TRO may only be extended for an additional 14 days (unless Tran later consents to a lengthier extension). So, the Court will grant the government's motion to extend in part, and the previously-entered TRO will remain in effect until the close of business on April 28, 2015.

    The government also requests that Tran Pharmacy, Inc., a Nebraska corporation d/b/a Pharmacy Specialty Services (the "Pharmacy")

> be permitted to open a single new account at Wells Fargo Bank for the sole purpose of receiving legitimate payments from

private insurance providers and individuals for legitimate [P]harmacy claims and paying legitimate operating expenses incurred by the [P]harmacy in the ordinary course of its business; provided, however, none of the money from the new [P]harmacy account shall be transferred to Scott Tran, any of his family members, or the attorneys or agents for Scott Tran, his family, or the [P]harmacy, with the exception of reimbursing such family members for monies loaned to the [P]harmacy for purposes of paying federal payroll taxes which are due April 15, 2015 and wages owed to non-family employees which are due April 16, 2015. The [P]harmacy will provide the government with a weekly accounting of financial transactions through the new [P]harmacy account, including the repayment of the family loan made to the [P]harmacy to pay the federal payroll taxes which are due April 15, 2015 and wages owed to non-family employees which are due April 16, 2015. If the [P]harmacy does not receive payment for claims unrelated to health care fraud, the government reserves the right to seek an amendment to the TRO.

Filing 11.
The Court does not see how this will prejudice Tran and (in the absence of any objection on his part) finds it to be an appropriate modification of the existing TRO. This portion of the government's motion will be granted.

THEREFORE, IT IS ORDERED:

1. The government's Motion For Extension of Temporary Restraining Order and for Permission To Open Bank Account Not Subject to Temporary Restraining Order (filing 11) is granted in part;

2. The Court's previous Temporary Restraining Order ("TRO") entered on March 31, 2015 (filing 8), as modified on this date, shall remain in force until the close of business on April 28, 2015, or at such later date as may be extended by the Court, or agreed upon by the parties;

3. Tran Pharmacy, Inc., a Nebraska corporation d/b/a Pharmacy Specialty Services (the "Pharmacy"), is permitted to open a single new account at Wells Fargo Bank for the sole purpose of receiving legitimate payments

2

  from private insurance providers and individuals for legitimate Pharmacy claims and paying legitimate operating expenses incurred by the Pharmacy in the ordinary course of its business;

4. Except for reimbursing Tran family members for monies loaned to the Pharmacy for purposes of paying federal payroll taxes which are due April 15, 2015 and wages owed to non-family employees which are due April 16, 2015, none of the money from the Pharmacy account in the preceding paragraph may be transferred to Scott Tran, any of his family members, or the attorneys or agents for Scott Tran, his family, or the Pharmacy;

5. The Pharmacy shall provide the government with a weekly accounting of financial transactions through the new Pharmacy account, including the repayment of the family loan made to the Pharmacy to pay the federal payroll taxes which are due April 15, 2015 and wages owed to non-family employees which are due April 16, 2015; and

6. If the Pharmacy does not receive payment for claims unrelated to health care fraud, the government shall retain the right to seek an amendment to the TRO.

Dated this 14th day of April, 2015.

          BY THE COURT:

          _____
          John M. Gerrard
          United States District Judge