IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT T. TRAN,<br><br>Defendant. | 4:15-CV-3036<br><br>**AMENDED ORDER AND PRELIMINARY INJUNCTION** |

This matter is before the Court on the parties' Joint Motion for Preliminary Injunction (filing 13) and the parties' Joint Stipulation for Amendment to Order and Preliminary Injunction (filing 19). Upon consideration of the record in this case and the Court's previous orders (*see* filings 8 and 12), the Court finds that the United States has demonstrated, by a preponderance of the evidence,[1] that:

1. The Defendant Scott T. Tran has violated and unless enjoined could continue to violate 18 U.S.C. § 1347 and/or has committed and unless enjoined could continue to commit a Federal health care offense (as defined in 18 U.S.C. § 24(a)) through the submission of false and fraudulent claims to the Medicaid program;

2. The Defendant has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value.

---

[1] Courts are split on the proper standard of proof required before a § 1345 injunction may issue, and the Eighth Circuit has not had occasion to resolve the issue. *See United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824, 836 & n.5 (8th Cir. 2010). Some courts require the government to make a probable cause showing that a predicate crime under § 1345 is being committed. Others require a preponderance standard. *See id*. This Court need not resolve the issue, as the injunction sought in this case is appropriate under either standard.

- 2 -

Based on the foregoing, the Court hereby concludes that the requested relief be **GRANTED**. Because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction in this case.

It is therefore **ORDERED** and **ADJUDGED** that:

Defendant Scott Tran, his agents, employees, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporations over which he exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From making or submitting or conspiring to make or submit any claims to the Medicaid program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1347, and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

2. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of the Defendant by any financial institution, trust fund, or other financial entity, public or private, **including but not limited to** the following accounts:

| Bank Name | Account Holder | Account Number Ending In |
|---|---|---|
| Wells Fargo | Tran Pharmacy Inc. dba Pharmacy Specialty Services | X6762 |
| Wells Fargo | Tran Pharmacy Inc. Business market Rate Savings | X1779 |
| U.S. Bank NA | Scott T. Tran | X3307 |
| U.S. Bank NA | Scott T. Tran | X1743 |
| FNB Omaha | Scott T. and Judy J. Tran | X5758 |
| FNB Omaha | Scott T. and Judy J. Tran | X6320 |
| TD Ameritrade | Scott T. Tran | X1083 |
| TD Ameritrade | Scott T. Tran | X0003 |
| FNB Omaha | Scott, Judy and Nicholas A. | X4820 |
| FNB Omaha | Scott, Judy and Cameron M. | X7220 |
| FNB Omaha | Scott and Judy Tran | X3903 |
| US Bank | Scott T. and Bryan Tran | X3221 |

3. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which the Defendant has an interest **including but not limited to** the following property:

| Owner | Address | Assessed Value |
|---|---|---|
| Scott Tran | 1725 N. 169th Street Omaha, NE 68118 | $209,000 |

- 3 -

**IT IS FURTHER ORDERED** that the restrictions stated above are modified for the following bank account for the limited purposes described below:

4. **Pinnacle Bank Account number ending in X1983** ("Pharmacy Account"). Tran Pharmacy, Inc., d/b/a Pharmacy Specialty Services (the "Pharmacy"), may receive legitimate payments from private insurance providers and individuals for legitimate pharmacy claims and may pay legitimate operating expenses, including accounting expenses, incurred by the Pharmacy in the ordinary course of its business. Funds from the Pharmacy Account shall not be transferred to Scott Tran, any of his family members, or the attorneys or agents for Scott Tran, his family, or the Pharmacy, except that such funds can be used to pay the monthly salary of Judy Tran, not to exceed three thousand five hundred ($3,500) dollars a month, and her existing family health care and disability insurance;

**IT IS FURTHER ORDERED** that within 14 days of the entry of this Order and every 14 days thereafter, the Pharmacy shall provide the government with an accounting of financial transactions through the Pinnacle Bank Pharmacy Account;

**IT IS FURTHER ORDERED** that the Defendant, his agents, employees, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporations over which he exercises control, are ordered:

5. To preserve all business, financial and accounting records, including bank records, that detail any of the Defendant's business operations and disposition of any payment that directly or indirectly arose from the payment of money to the Defendant on behalf of the Medicaid program;

6. To preserve all medical records, including patient records and prescriptions, that relate to the Defendant's business operations and/or to services for which claims were submitted to the Medicaid program; and

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This Preliminary Injunction shall remain in force until further Order of the Court, provided, however, that nothing in this Preliminary Injunction shall prevent (a) Defendant from surrendering to the United States any assets frozen by this Preliminary Injunction, if the United States consents to such voluntary surrender, or (b) any law enforcement officer from executing a warrant to seize property subject to forfeiture.

Dated this 1st day of June, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge